IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

CINDY ARMSTRONG                                                              PLAINTIFF

v.                                              CIVIL ACTION NO. 1:16-cv-00067-GHD-DAS

THE KROGER COMPANY                                                           DEFENDANT

## MEMORANDUM OPINION GRANTING PLAINTIFF'S MOTION TO WITHDRAW MOTION TO REMAND

Presently before the Court is Plaintiff's unopposed motion to withdraw [13] her previously filed motion to remand [4] the case *sub judice* to state court. Although the parties agree that the Court has diversity jurisdiction, "subject-matter jurisdiction cannot be created by waiver or consent." *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). Upon due consideration, however, the Court finds that diversity jurisdiction exists in this case and that Plaintiff should be allowed to withdraw her motion to remand.

On April 21, 2016, Plaintiff filed this personal injury action in the Circuit Court of Alcorn County, Mississippi. On that same day, Defendant removed the case to this Court on the basis of diversity jurisdiction, maintaining that both the diversity of citizenship and amount-in-controversy requirement were met. On April 25, 2016, Plaintiff filed a motion to remand [4] the case to state court, wherein she argued that the amount in controversy was not satisfied. Subsequently, on June 17, 2016, Plaintiff filed the present motion to withdraw [13] her motion to remand [4], wherein she agrees that federal jurisdiction is proper.

The removal statute provides in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United

1

States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Thus, Defendant can remove the action to this Court on the basis of diversity jurisdiction if this Court would have had original jurisdiction over the action. *See Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing 28 U.S.C. § 1441(a)). Defendant, as the removing party seeking to invoke federal diversity jurisdiction, bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a); *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) (citing *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)). In this case, diversity jurisdiction is established.

First, it is undisputed that Plaintiff is a Mississippi resident and Defendant The Kroger Company is an Ohio corporation with its principal place of business in Cincinnati, Ohio, and thus, that there is complete diversity of citizenship. *See* Def.'s Notice of Removal [1] at 1; Pl.'s State-Ct. Compl. [2] ¶¶ 1–2.

Second, the amount in controversy is met. Courts generally begin the amount-in-controversy analysis by " 'look[ing] only to the face of the complaint and ask[ing] whether the amount in controversy exceeds' the jurisdictional threshold." *Ervin v. Sprint Commc'ns Co.*, 364 F. App'x 114, 117 (5th Cir. 2010) (per curiam) (quoting *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996)). As in the case *sub judice*, " '[w]hen the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds' the jurisdictional amount"; in this analysis, the Court may rely on "summary judgment-type" evidence to determine the amount in controversy. *See Garcia*, 351 F.3d at 638–39 (quoting *De Aguilar v.*

*Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)); *St. Paul Reinsurance Co.*, 134 F.3d at 1253 (citations omitted).

Plaintiff's state-court complaint [2] does not include a specific prayer for relief, though the civil cover sheet [4-1] accompanying the state-court complaint indicates she seeks $75,000 in compensatory damages. However, Defendant attaches to its notice of removal [1] and to its response in opposition [7] to the remand motion "summary judgment-type" evidence, including a demand letter from Plaintiff for $100,000 in medical expenses. Further, by agreeing federal diversity jurisdiction is proper in the present motion to withdraw, Plaintiff is agreeing that she does, in fact, seek an amount in controversy that meets the jurisdictional threshold. Based on all of the foregoing, the Court finds that the exercise of diversity jurisdiction is proper.

ACCORDINGLY, Plaintiff's motion to withdraw [13] her previously filed motion to remand [4] is GRANTED; the motion to remand [4] is WITHDRAWN; and because the exercise of federal jurisdiction is proper, this case shall remain in federal court.

An order in accordance with this opinion shall issue this day.

THIS, the 18 day of July, 2016.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE