IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

CINDY ARMSTRONG                                                                PLAINTIFF

v.                                                         CIVIL ACTION NO. 1:16-cv-00067-GHD-DAS

THE KROGER COMPANY                                                             DEFENDANT

**MEMORANDUM OPINION DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

Presently before the Court is Defendant The Kroger Company's motion for summary judgment [34]. Upon due consideration, the Court finds the motion should be denied.

### *I.     Factual and Procedural Background*

On April 4, 2016, Plaintiff Cindy Armstrong ("Plaintiff") filed this personal injury action against Defendant The Kroger Company ("Kroger") in the Circuit Court of Alcorn County. On April 21, 2016, Kroger timely removed the action to this Court. Subsequently, on April 22, 2016, Kroger filed its answer to the complaint. On April 25, 2016, Plaintiff filed a motion to remand [4] to which Kroger filed a response [7]. Subsequently, on June 17, 2016, while her motion to remand was still pending, Plaintiff filed a motion to withdraw [13] her motion to remand [4], stating that she wished to have her action remain in federal court. The Court granted her motion to withdraw, finding that diversity jurisdiction was established in the case *sub judice*. *See* Ct.'s Order [18] & Mem. Op. [19] Granting Mot. Withdraw Mot. Remand [4]. The parties then engaged in discovery. On February 9, 2017, Kroger filed the present motion for summary judgment [34] to which Plaintiff filed a response and Kroger filed a reply.

In Plaintiff's complaint, she alleges that she "drove her automobile to the Kroger gas pumps in Corinth, Mississippi, when she slipped, fell[,] and was injured" and that Kroger

1

negligently caused Plaintiff's injuries by "[c]reating a dangerous condition on its premises"; "[f]ailing to warn [Plaintiff] of a dangerous condition on its premises"; "[f]ailing to clean the dangerous condition from its premises"; and "[f]ailing to keep its premises in a safe condition." Pl.'s State-Ct. Compl. [2] ¶¶ 4–5. Plaintiff further alleges that "[a]s a direct result of Kroger's negligence [Plaintiff] has suffered" the following: past, present, and future medical expenses; pain and suffering; loss of enjoyment of life; and emotional distress. *Id.* ¶ 6.

The factual record was further developed after discovery, as follows. Plaintiff was a Kroger customer who was purchasing and pumping gas at the Corinth Kroger. A table/booth was set up to the edge of the gas pumps with a banner stating "Earn 4x fuel points with [Kroger] card." While she was at the gas pump, a salesman approached Plaintiff to demonstrate a NASCAR-related automobile dust-and-rain-repellant spray. The salesman apparently worked for a company called Smart Circle International, which had a vendor-store agreement with Kroger. The salesman sprayed the bottom area and a tire of Plaintiff's car and wiped off the spray with a cloth. The salesman then stated the terms of the sale of the product. Plaintiff testified in her deposition that the salesman "said that he was working on behalf of Kroger and that [she] got a discount if she had her Kroger card." Pl.'s Dep. [31-3] at 4, [38-1] at 11. Plaintiff responded that she was not interested in purchasing the product. Plaintiff stated in her responses to Kroger's interrogatories that "[t]he spray got on Plaintiff's foot[,] causing her to slip and fall," which resulted in a broken left arm and bruised right knee. Pl.'s Resp. to Def.'s Interrogs. [34-10] at 7.

In Kroger's motion for summary judgment, it denies liability for damages arising from the subject incident.

2

## *II. Summary Judgment Standard*

This Court grants summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." *See* FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322, 106 S. Ct. 2548.

The party moving for summary judgment bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine dispute of material fact. *See id.* at 323, 106 S. Ct. 2548. Under Rule 56(a), the burden then shifts to the nonmovant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S. Ct. 2548; *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001); *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995). Where, as here, the parties dispute the facts, the Court must view the facts and draw reasonable inferences in the light most favorable to the plaintiff. *See Scott v. Harris*, 550 U.S. 372, 378, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007) (internal citations omitted). "However, a nonmovant may not overcome the summary judgment standard with conclusional allegations, unsupported assertions, or presentation of only a scintilla

of evidence." *McClure v. Boles*, 490 F. App'x 666, 667 (5th Cir. 2012) (per curiam) (citing *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007)).

### III. Analysis and Discussion

Kroger argues in its motion for summary judgment that on the day of Plaintiff's slip-and-fall, there were no reported problems with debris or substances on the ground or with the gas pumps, nor was there any rain. Kroger further argues that its personnel regularly check the grounds of its premises. Finally, Kroger argues that it has no liability for the slip-and-fall, because the salesman in question was a Smart Circle International employee who did not work for Kroger.

Plaintiff argues in response that Kroger created the danger that caused Plaintiff's slip-and-fall and injuries. Plaintiff further argues that even if the salesman was not a Kroger employee, Kroger was negligent, because the salesman had set up a tent on Kroger's business premises with Kroger's knowledge and was soliciting Kroger customers and conducting demonstrations of the spray while in close proximity to Kroger customers. Plaintiff further argues that a photograph (also submitted by Kroger as an attachment to its motion for summary judgment) showing a booth on Kroger's business premises with the banner stating "Earn 4x fuel points with [Kroger] card" "shows that the man doing the demonstration for [Plaintiff] was either a Kroger employee (as he identified himself to [Plaintiff]) or working for [a] business that was partnered with Kroger." Pl.'s Resp. Opp'n to Def.'s Mot. Summ. J. [38] at 3 n.1. Plaintiff maintains that Kroger should have known about the foreseeable danger such spray could pose to Kroger customers and that Kroger should have taken the proper steps to prevent Plaintiff's injury.

4

In a premises-liability case, "duty is contingent on the status of the injured person. Thus, the first step in determining duty is to identify the status of the injured at the time of the injury." *Albert v. Scott's Truck Plaza, Inc.*, 978 So. 2d 1264, 1266 (Miss. 2008). Because the pertinent facts to the determination of Plaintiff's classification are not in dispute, her classification is a question of law for the Court. *See id.* at 1267. Based on the undisputed facts in this case, Plaintiff was a Kroger customer who was on the premises to pump gas into her vehicle; therefore, Plaintiff was a business invitee of Kroger on the date in question. *See Karpinsky v. Am. Nat'l Ins. Co.*, 109 So. 3d 84, 89 (Miss. 2013) (store customer is business invitee). Under Mississippi law, the owner or operator of business premises "owes an invitee the duty to keep the premises reasonably safe and when not reasonably safe to warn only where there is hidden danger or peril that is not in plain and open view." *Vivians v. Baptist Healthplex*, No. 2014-CT-01828-SCT, 2017 WL 2813303, at *2 (Miss. June 29, 2017) (internal quotation marks and citations omitted); *Jones v. Wal-Mart Stores E., LP*, 187 So. 3d 1100, 1103 (Miss. Ct. App. 2016) (citing *Jerry Lee's Grocery, Inc. v. Thompson*, 528 So. 2d 293, 295 (Miss. 1988)).

To prevail on her premises liability claim, Plaintiff must ultimately prove either (1) that Kroger's negligence injured her, (2) that Kroger had knowledge of the dangerous condition and failed to warn her, or (3) that the condition existed for a sufficient amount of time such that Kroger should have had knowledge or notice of the condition (constructive knowledge). *See Estate of Kiihnl v. Family Dollar Stores of Miss., Inc.*, 197 So. 3d 920, 924 (Miss. Ct. App. 2016). "Mississippi law further requires that when a dangerous condition exists that was created by someone not associated with the business, the <u>plaintiff must produce evidence</u> that the owner or operator had actual or constructive knowledge of the dangerous condition as well as a sufficient opportunity to correct it." *Karpinsky*, 109 So. 3d at 89 (internal quotation marks,

5

footnote, and citation omitted) (emphasis in original). However, "[p]roof of notice is not necessary if the condition was created by the negligence of the proprietor or someone under his authority." *Drennan v. Kroger Co.*, 672 So. 2d 1168, 1172 (Miss. 1996). "To recover in a negligence action[,] [Plaintiff] bears the burden of proving: (1) that [Kroger] owed [her] a legal duty, (2) [Kroger] breached that duty, and (3) [she] sustained injuries proximately resulting from that breach." *See Hardy By & Through Hardy v. K Mart Corp.*, 669 So. 2d 34, 37–38 (Miss. 1996).

The Court finds that genuine disputes of material fact exist that preclude summary judgment in the case *sub judice*, including but not limited to the following: whether the salesman in question represented himself as working for Kroger; the extent of Kroger's relationship with the vendor, Smart Circle International; whether Kroger had constructive knowledge of the spill such that the spill was foreseeable; and whether Plaintiff ever told Kroger's insurance claims adjuster that Kroger was not negligent in the incident in question.

An order in accordance with this opinion shall issue this day.

THIS, the 19th day of July, 2017.

_____
SENIOR U.S. DISTRICT JUDGE