IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

CINDY ARMSTRONG                                                PLAINTIFF

v.                                       CIVIL ACTION NO. 1:16-cv-00067-GHD-DAS

THE KROGER COMPANY                                        DEFENDANT

## **MEMORANDUM OPINION GRANTING DEFENDANT'S
MOTION FOR JUDGMENT AS A MATTER OF LAW**

On September 11, 2017, at the close of Plaintiff Cindy Armstrong ("Plaintiff")'s case in chief, this Court granted the Defendant The Kroger Company ("Kroger")'s motion for judgment as a matter of law for all the reasons stated below.

The seminal case in the Fifth Circuit concerning motions for judgment as a matter of law or motions for a directed verdict is *Boeing Co. v. Shipman*, 411 F.2d 365, 368 (5th Cir. 1969). *See also Burch v. Coca-Cola Co.*, 119 F.3d 305 (5th Cir. 1997); *Sobley v. S. Nat. Gas Co.*, 302 F.3d 325 (5th Cir. 2002). Rule 50 of the Federal Rules of Civil Procedure authorizes the entry of judgment as a matter of law "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." *James v. Harris County, Tex.*, 577 F.3d 612, 617 (5th Cir. 2009). This Court must draw all reasonable inferences in favor of the non-moving party. *See Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 554–55, 110 S. Ct. 1331, 108 L. Ed. 2d 504 (1990) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). "More specifically, this Court should give credence to the evidence favoring the non-moving party and any uncontradicted or unimpeached evidence supporting the moving party, to the extent such evidence comes from disinterested witnesses." *See Shelton v. Bd. of Superiors of So.*

1

*Superiors of So. Univ. & Agric. & Mech. Coll.*, 532 F. App'x 558, 562 (5th Cir. 2013) (per curiam) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000)). The aforecited cases stand for the premise that if the evidence in a case is of such quality and weight that reasonable, fair-minded jurors in the exercise of impartial judgment could not reach a verdict on behalf of the plaintiff, judgment as a matter of law should be granted. A mere scintilla of evidence is not sufficient to give the case to the jury.

In the case *sub judice*, Plaintiff referred somewhat to the doctrine of apparent authority under the law of the State of Mississippi. " 'Under the law of agency, a principal is bound by the actions of its agent within the scope of that agent's real or apparent authority.' " *Cent. Indus., Inc. v. McFarlane*, 159 So. 3d 610, 614 (Miss. Ct. App. 2015) (quoting *Langham v. Behnen*, 39 So. 3d 970, 974–75 (Miss. Ct. App. 2010)). "Apparent authority exists when a reasonably prudent person, having knowledge of the nature and the usages of the business involved, would be justified in supposing, based on the character of the duties entrusted to the agent, that the agent has the power he is assumed to have." *Barnes, Broom, Dallas & McLeod, PLLC v. Estate of Cappaert*, 991 So. 2d 1209, 1212 (Miss. 2008). "If an agent had apparent authority to bind his or her principal, then the issue of actual authority need not be reached." *Andrew Jackson Life Ins. Co. v. Williams*, 566 So.2d 1172, 1180 (Miss. 1990). "In order to recover under a theory of apparent authority, the claimant must put forth 'sufficient evidence' of '(1) acts or conduct of the principal indicating the agent's authority, (2) reasonable reliance upon those acts by [the claimant], and (3) a detrimental change in position by [the claimant] as a result of that reliance.' " *Adams Cmty. Care Ctr. LLC v. Reed*, 37 So. 3d 1155, 1160 (Miss. 2010) (quoting *Eaton v. Porter*, 645 So. 2d 1323, 1325 (Miss. 1994)). "An act is considered to be within the agent's apparent authority when a third party is justified in concluding that the agent is authorized to

perform it from the nature of the duties which are entrusted to him. Apparent authority is to be determined from the acts of the principal and requires reliance and good faith on the part of the third party." *FSC Sec. Corp. v. McCormack*, 630 So. 2d 979, 985 (Miss. 1994) (citations omitted) (quoting *Terrain Enters. Inc. v. W. Cas. & Sur. Co.*, 774 F.2d 1320, 1322 (5th Cir. 1985)). Only "[i]f there is sufficient evidence as to each of the three elements of apparent authority, [is] the issue '. . . a question of fact to be determined . . . by the jury.'" *Morgan v. MML Inv'rs Servs., Inc.*, No. 2016-CA-00732-COA, 2017 WL 3712898, at *4 (Miss. Ct. App. Aug. 29, 2017) (quoting *Eaton*, 645 So. 2d at 1325). Otherwise, the Court must grant the motion for judgment as a matter of law.

The Court finds that the Mississippi case most analogous to the case *sub judice* is *Cavalier Home Builders v. Baughman*, 126 So. 3d 899 (Miss. Ct. App. 2012). In *Cavalier Home Builders*, the Mississippi Court of Appeals found that no agency relationship existed where the plaintiffs claimed the purported agent had apparent authority to act for and bind Cavalier Home Builders because the plaintiffs believed an agency relationship existed; however, the only binding documentation between Cavalier Home Builders and the purported agent was a retailership agreement, and the only evidence the plaintiffs could provide to support their belief that he was Cavalier Home Builders' agent was a white banner in his office with Cavalier Home Builders' logo on it, reading "Authorized Dealer." *Id.* at 903–04. Cavalier Home Builders testified that the banner was not manufactured, distributed, approved, or known to exist by Cavalier. The Mississippi Court of Appeals held that the individual in question was not, and had never been, Cavalier Home Builders' agent.

In this case, Kroger submitted with its previously filed motion for summary judgment an exhibit of a Scan-Based Trading Agreement [34-5] (the "Agreement") between Kroger and the

3

vendor, Smart Circle International. The Agreement was signed on February 5, 2013, and provides that Smart Circle International was a vendor of specifically designated Kroger stores, that Kroger would receive products from the vendor on a direct store delivery basis, and that the "title to all Products is reserved in Vendor and does not transfer to Kroger until immediately preceding the register scan." Agreement [34-5] ¶ 2. The Agreement further provides in pertinent part as follows: "The parties do not intend to form a partnership, joint venture, principal-agent, employer-employee, or any other relationship other than as set forth in this [Agreement]. Neither party will have any right or authority and will not attempt to enter into any contract or commitment, or incur any debt or liability of any nature, in the name of or on behalf of the other party." *Id.* ¶ 15. Although the aforementioned paragraphs in the Agreement would not defeat a claim for apparent authority, the Court considers these paragraphs of the Agreement, as well as the Agreement *in toto*, as a factor in this determination.

The Court further found instructive the following Mississippi cases. In *Central Industries, Inc. v. McFarlane*, 159 So. 3d 610 (Miss. Ct. App. 2015), the Mississippi Court of Appeals upheld the trial court's determination that no agency relationship was established where a truckdriver had an agreement with a company to deliver its products using trailers owned and controlled by that company; the truckdriver was not an agent of the company despite that some testimony supported that the company had control over the inventory and weight of the trailer, given that the trailer was empty at the time of the incidents giving rise to the suit. *Id.* at 613. The Mississippi Court of Appeals held that no agency relationship was established, because control had not been demonstrated. Similarly, in *Wood v. Mossy Oak Properties, Inc.*, 120 So. 3d 443 (Miss. Ct. App. 2013), the Mississippi Court of Appeals found that no agency relationship was demonstrated where the purported agent testified that he was not selling

4

property on the company's behalf, the plaintiff testified that he never signed papers indicating that the company was involved in the sale of the property, and no evidence was presented of conduct by the company that would indicate the purported agent had authority to sell the subject property on the company's behalf, even though the purported agent had worked for the company in the past. *Id.* at 447. The Mississippi Court of Appeals found detrimental to plaintiff's argument on apparent authority that there was no evidence to demonstrate the company acted in any way to convey to the plaintiff that the purported agent was selling the property on the company's behalf. *Id.*

In the case *sub judice*, this Court considered these Mississippi cases and the lack of demonstrated apparent authority in this case. The Court notes that Kroger is the only defendant sued in the case *sub judice*. Had this case been filed against Kroger and the vendor, Smart Circle International, then the case may have been sufficient to go to the jury. However, the Court must address matters as they are presented. Therefore, on the present theory of the case and lack of sufficient evidence, the Court granted Kroger's motion for judgment as a matter of law.

The Court also granted the motion for failure to establish a premises liability claim. To prevail on her premises liability claim, Plaintiff was required to ultimately prove either (1) that Kroger's negligence injured her; (2) that Kroger had knowledge of a dangerous condition and failed to warn her; or (3) that a dangerous condition condition existed for a sufficient amount of time such that Kroger should have had knowledge or notice of the condition (constructive knowledge). *See Estate of Kiihnl v. Family Dollar Stores of Miss., Inc.*, 197 So. 3d 920, 924 (Miss. Ct. App. 2016). "Mississippi law . . . requires that when a dangerous condition exists that was created by someone not associated with the business, the <u>plaintiff must produce evidence that the owner or operator had actual or constructive knowledge of the dangerous condition as</u>

5

well as a sufficient opportunity to correct it." *Karpinsky v. Am. Nat. Ins. Co.*, 109 So. 3d 84, 89 (Miss. 2013) (internal quotation marks, footnote, and citation omitted) (emphasis in original). In the case *sub judice*, Plaintiff Cindy Armstrong failed to put on evidence that Kroger acted negligently. Additionally, Plaintiff failed to put on evidence that a dangerous condition existed—or that Kroger had constructive or actual knowledge of the same. As demonstrated by the case law cited above, these were prerequisites in Plaintiff's premises liability case under Mississippi law. *See Douglas v. Great Atl. & Pac. Tea Co.*, 405 So. 2d 107 (Miss. 1981).

For all of the foregoing reasons, Defendant The Kroger Company's motion for judgment as a matter of law is GRANTED.

An order in accordance with this opinion shall issue this day.

THIS, the 13th day of September, 2017.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE